**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ESTATE OF SANDRA VELA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF MONTEREY, et al., <br><br> Defendants. | Case No. 16-cv-02375-BLF <br><br> **ORDER SUBMITTING MONTEREY COUNTY DEFENDANTS' MOTION TO DISMISS WITHOUT ORAL ARGUMENT AND VACATING FEBRUARY 9, 2017 HEARING; GRANTING MOTION IN PART WITHOUT LEAVE TO AMEND AND DENYING MOTION IN PART AS TO DEFENDANT MILLER; GRANTING MOTION WITHOUT LEAVE TO AMEND AS TO DEFENDANT BERNAL; AND DIRECTING ALL MONTEREY COUNTY DEFENDANTS TO ANSWER FIRST AMENDED COMPLAINT** <br><br> [Re: ECF 55] |

Plaintiffs AnnaMarie Moreno and Bernadette Alverado bring suit on behalf of themselves and the estate of their mother, Sandra Vela, following Vela's death in a Monterey County Jail cell. Vela was found hanging from a bed sheet two weeks after being booked into the jail on a fifteen-year old warrant for forgery and embezzlement. Plaintiffs claim that jail personnel were deliberately indifferent to Vela's serious medical needs in violation of her federal constitutional rights and breached duties owed to her under state law.

Before the Court is a motion to dismiss brought by the Monterey County Defendants on behalf of former Monterey County Sheriff Scott Miller and current Monterey County Sheriff Steve Bernal. That motion is SUBMITTED without oral argument and the hearing set for February 9, 2017 is VACATED. For the reasons discussed below, the motion is GRANTED IN PART WITHOUT LEAVE TO AMEND AND DENIED IN PART as to Defendant Miller and GRANTED WITHOUT LEAVE TO AMEND as to Defendant Bernal. In light of this ruling, all Monterey County Defendants SHALL ANSWER the operative first amended complaint ("FAC").

## I. BACKGROUND

The Court's prior dismissal order sets forth the background facts, which need not be repeated in full here. *See* Order of 9/7/2016, ECF 51. As relevant to the present motion, Defendant Miller retired from the office of Monterey County Sheriff in late December 2014, at which time Defendant Bernal took over the office. FAC ¶¶ 16-17, ECF 54. Approximately two and one-half months after the transition, Vela was arrested and taken to the Monterey County Jail, where she committed suicide in her cell. *Id.* ¶¶ 27-45. Plaintiffs claim that Vela's suicide was the result of Defendants' deliberate indifference to her serious medical needs, including pain and other symptoms resulting from Vela's brain cancer, and Defendants' breach of duties owed to Vela under state law. *Id.* ¶¶ 76-129.

Plaintiffs filed this action on May 2, 2016 against Monterey County, former Sheriff Miller, current Sheriff Bernal, and other jail personnel (collectively, "Monterey County Defendants"), as well as the doctors who contract with Monterey County to provide medical care to jail inmates. Following the Court's dismissal of the original complaint with leave to amend, Plaintiffs filed the operative FAC that is the subject of the present motion to dismiss.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). However, the Court need not "accept as true allegations that contradict matters properly subject to judicial notice" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (internal quotation marks and citations omitted). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III. DISCUSSION

Plaintiffs assert claims against the Monterey County Defendants for deliberate indifference under § 1983 (Claims 1 and 2); deprivation of substantive due process under § 1983 (Claim 3); negligent supervision, training, hiring, and retention (Claim 5); wrongful death (Claim 6); and negligence (Claim 7). The Monterey County Defendants have filed a motion to dismiss on behalf of Miller and Bernal. As to Miller, moving parties seek dismissal of Plaintiffs' individual capacity § 1983 claims on the ground that Miller was not acting under color of state law at the time of Vela's death. As to both Miller and Bernal, moving parties seek dismissal of Claims 5 and 7 on the ground that Plaintiffs have not alleged compensable damages as required for those claims.

In their opposition to the motion, Plaintiffs withdraw Claims 5 and 7 with respect to both Miller and Bernal. On this basis, the motion is GRANTED WITHOUT LEAVE TO AMEND as to Miller and Bernal on Claims 5 and 7.

With respect to Miller, it appears on the face of the FAC that Miller left the office of Sheriff at the end of December 2014, approximately three months before Vela's death on March 24, 2015. FAC ¶¶ 16-17, ECF 54. Based on that fact, the Court previously dismissed Plaintiffs' individual capacity § 1983 claims against Miller, noting that "the Court has not discovered a single case holding that a retired sheriff may be liable for constitutional deprivations arising from jail conditions that existed after his retirement." *See* Order of 9/7/2016, ECF 51.

Plaintiffs have amended their pleading to make clear that their claims against Miller are grounded in policies and procedures Miller put into place and/or ratified during his tenure as Sheriff, which Plaintiffs allege continued to be followed in the months following Miller's retirement and resulted in Vela's death. For example, Plaintiffs allege that during his tenure as Sheriff, Miller knew that there was no mental health staff at the jail on weekends but failed to change that staffing pattern despite having notice that the lack of weekend mental health staff caused undue risk of harm to inmates. FAC ¶ 54, ECF 54. Plaintiffs also allege that Miller knew that the jail's lockdown cells had suicide hazards but did not take action to reduce or eliminate

3

those suicide hazards. *Id.* ¶ 61. Finally, Plaintiffs allege that Miller knew that there were systemic problems with welfare and safety checks of inmates, including regular failure by deputies to conduct checks and inaccurate logging of checks, but did not take adequate measures to correct those problems. *Id.* ¶¶ 67-71. According to Plaintiffs, these policies and procedures rose to the level of deliberate indifference and caused Vela's death.

Defendants argue that Plaintiffs' allegations are inadequate to state a § 1983 claim against Miller in his individual capacity because *at the time of Vela's suicide* Miller no longer was the Sheriff and thus no longer was acting under color of state law. While § 1983 liability attaches only to deprivations committed by persons acting under color of state law, *see Naffe v. Frey*, 789 F.3d 1030, 1035-36 (9th Cir. 1915), Defendants misapprehend the thrust of Plaintiffs' claims. Plaintiffs do not allege that Miller was acting under of color of state law at the time of Vela's death. Plaintiffs allege that Miller was acting under color of state law when he implemented and/or ratified policies and procedures that continued to be followed even after his retirement and that led to Vela's death. Thus Defendants' reliance on the *Parker* decision, which focused on whether Miller was the Sheriff at the time of the incident giving rise to the claims, is not persuasive here. *See Parker v. County of Monterey*, No. 16-cv-00960 NC, 2016 WL 3162239 (N.D. Cal. June 7, 2016).

While the parties have not cited, and the Court has not discovered, any case directly on point within the Ninth Circuit, Plaintiffs have cited cases from other jurisdictions suggesting that their theory of individual liability against Miller is viable. *See Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994); *Munyiri v. Maynard*, No. CCB-08-1953, 2009 WL 2848663 (D. Md. Sept. 1, 2009). Moreover, Plaintiffs' theory appears consistent with Ninth Circuit law. In § 1983 actions, "[t]raditional tort law defines intervening causes that break the chain of proximate causation." *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 837 (9th Cir. 1996) (citation omitted). A defendant's conduct is not the proximate cause of the plaintiff's injury "if another cause intervenes and supersedes his liability for the subsequent events." *White v. Roper*, 901 F.2d 1501, 1506 (9th Cir. 1990). "However, foreseeable intervening causes . . . will not supersede the defendant's responsibility." *Conn v. City of Reno*, 591 F.3d 1081, 1101 (9th Cir. 2009), *vacated*, 131 S. Ct.

4

1812 (2011), *reinstated in part and vacated in part*, 658 F.3d 897 (9th Cir. 2011) (internal quotation marks and citation omitted).

Here, Plaintiffs' theory is that policies and procedures put in place and/or ratified by Miller caused Vela's death and that the chain of proximate causation was not broken by Miller's retirement and Bernal's assumption of the office of Sheriff. Defendants may be able to disprove that theory on a more fully developed record, for example, by showing that Bernal changed Miller's policies and procedures after Miller left office. However, at this stage of the proceedings and absent any compelling authority to the contrary, this Court declines to conclude as a matter of law that Plaintiffs cannot pursue individual capacity § 1983 claims against Miller solely because he no longer was in office at the time of Vela's suicide.

Accordingly, Defendants' motion to dismiss is DENIED as to Miller except as to Claims 5 and 7, discussed above.

## VI. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) the Monterey County Defendants' motion to dismiss is SUBMITTED without oral argument and the hearing set for February 9, 2017 is VACATED;

(2) the motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND as to Miller with respect to Claims 5 and 7 and otherwise is DENIED;

(3) the motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND as to Bernal with respect to Claims 5 and 7; and

(4) the Monterey County Defendants SHALL ANSWER the first amended complaint.

Dated: February 8, 2017

BETH LABSON FREEMAN
United States District Judge

5