UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ESTATE OF SANDRA VELA, et al., <br> Plaintiffs, <br> v. <br> COUNTY OF MONTEREY, et al., <br> Defendants. | Case No. 5:16-cv-02375-BLF (HRL) <br><br> **ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 1** <br><br> Re: Dkt. No. 82 |

In Discovery Dispute Joint Report #1 ("DDJR #1"), plaintiffs seek an order compelling California Forensic Medical Group ("CFMG") to produce documents responsive to certain Requests for Production ("RFPs"). The suit is for damages on account of the suicide (by hanging) of Sandra Vela while she was incarcerated in the Monterey County Jail ("Jail"). Defendant CFMG had a contract with the Jail to provide health services to the prisoners. Plaintiffs claim that CFMG failed to implement appropriate suicide prevention measures, a failure which resulted in Vela's suicide. The RFPs in dispute are: 73, 74, 75, and 77.

Number 73 requests:

> All documents reflecting communications by, to, from, or received by you relating to individuals who committed and/or attempted suicide at Monterey County Jail from January 1, 2007 to present.

CFMG objects on many grounds, including relevance, burden, privacy, attorney client

privilege, and others. Curiously, however, it has agreed to respond to number 72, which seeks:

> Any and all documents describing, logging, referencing, or otherwise relating to the suicide and/or suicide attempt of an inmate at Monterey County Jail from January 1, 2007 to present, including but not limited to medical files, quality assurance reviews, coroner's reports and autopsies, incident reports, investigations, and/or reporting documents sent to other public entities.

As the court reads RFPs 72 and 73, 73 is actually a subset of what was requested in 72. In other words, 72 sought "any and all documents . . . referencing, or . . . relating to" actual or attempted suicides at the Jail. The documents described in 73 are included in the sweep of the language in 72. CFMG has agreed to produce what 72 asked for, and that should include documents defined in 73. Even if the parties were not reading 72 and 73 as the court has, the court is satisfied that CFMG should comply with 73. It overrules all objections except attorney client privilege and work product doctrine. Any documents withheld on the basis of that privilege or doctrine must be sufficiently described on a privilege log.

Number 74 reads as follows:

> Any and all documents describing, logging, referencing, or otherwise relating to the suicide and/or suicide attempt by hanging of any inmate at any jail in California for which CFMG holds and/or held a contract to provide health care services, from January 1, 2007 to March 24, 2015, including but not limited to medical files, quality assurance reviews, coroner's reports and autopsies, incident report, investigations, and/or reporting documents sent to other public entities.

Number 75 requests:

> All documents reflecting communications by, to, from, or received by you relating to the suicide and/or suicide attempt by hanging of any inmate at any jail in California for which CFMG holds and/or held a contract to provide health care services, from January 1, 2007 to March 24, 2015.

As the reader will see, RFPs 74 and 75 track the language of RFPs 72 and 73, but now ask for all documents about suicides or suicide attempts by hanging at each one of the approximately 65 other jails in California where CFMG holds or held a contract to provide health care services.

CFMG objects to 74 and 75 as overbroad, irrelevant, an unwarranted invasion of privacy, and subject to attorney client privilege and work product doctrine protection. It makes a strong pitch for burden, asserting that only recently has CFMG begun to keep records electronically, and it would be a massive undertaking to manually sift through hundreds of thousands of paper

2

documents to dig out responsive material.

The court can see that, if production were ordered, from this mass of information might be gleaned something at least marginally relevant. But, there is a logical and causational gap between connecting a suicide or suicide attempt with evidence that the event was caused or contributed to because of deliberate indifference by CFMG health care providers. Is there any basis to assume that CFMG promulgated and/or was subject to the same policies and procedures in every jail? The court can envision the trial in this matter bogging down with plaintiffs' attempts to show suicides or suicide attempts in other jails were the product of CFMG's deliberate indifference and with CFMG striving to show one had nothing to do with the other. The sheer mass of the information sought, all documents of every kind about any hanging suicide or suicide attempt in 65 jails over 8 plus years, causes the court to conclude that what is sought is not proportional to the needs of the case. The court will not order production.

Finally, number 77 says:

> Any and all settlements entered into by you related to deaths of inmates at any jail in California for which CFMG holds and/or held a contract to provide health care services from January 1, 2007 to the present.

CFMG makes numerous objections. The court agrees that the scope, not limited to suicides or suicide attempts, is too broad. More importantly, the court cannot understand why settlement agreements are relevant, and finds plaintiffs' arguments to the contrary unpersuasive. The court will not order production.

In conclusion, CFMG shall within 15 days produce all documents responsive to RFP 73, with a privilege log (if applicable). Otherwise, plaintiff's requests are denied.

SO ORDERED.

Dated: October 18, 2017

HOWARD R. LLOYD
United States Magistrate Judge