United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ESTATE OF SANDRA VELA, ET AL., Plaintiffs, v. COUNTY OF MONTEREY, et al., Defendants. | Case No. 16-cv-02375-BLF  **ORDER DENYING PLAINTIFFS' MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**  [Re: ECF 93] |

Plaintiffs seek relief from a nondispositive pretrial order issued by Magistrate Judge Howard R. Lloyd, which granted in part and denied in part Plaintiffs' motion to compel documents responsive to certain Requests for Production ("RFPs"). The Court has considered Judge Lloyd's order (ECF 92), Plaintiffs' motion (ECF 93), Defendant's opposition (ECF 96), and Plaintiffs' reply (ECF 97). For the reasons discussed below, the motion is DENIED.

**I.   BACKGROUND**

This action arises out of the tragic death of Sandra Vela, who was found hanged with a bed sheet in her cell two weeks after being booked into the Monterey County Jail. Vela's daughters, suing individually and on behalf of Vela's estate, claim that jail personnel were deliberately indifferent to Vela's serious medical needs in violation of her federal constitutional rights and breached duties owed to her under state law.

Plaintiffs sue Monterey County; Monterey County officials; Monterey County Jail personnel; California Forensic Medical Group ("CFMG"), the private company hired by Monterey County to provide medical and mental health services to jail inmates; and CFMG doctors. Plaintiffs claim that Monterey County and CFMG knew that the block of cells where Vela was housed at the time of her death contained suicide hazards, because other inmates had committed or

attempted suicide by attaching bedsheets or other materials to hanging points in those cells. FAC ¶¶ 52-59. Patients with mental health concerns commonly were housed in that cell block. *Id.* ¶ 60. According to Plaintiffs, Monterey County and CFMG failed to implement policies and procedures to prevent foreseeable suicides and suicide attempts and to provide constitutionally adequate medical and mental health care to inmates at the Monterey County Jail. *Id.* ¶¶ 77, 80, 85, 91.

In the course of discovery, Plaintiffs served CFMG with RFPs seeking a wide array of documents regarding suicides and suicide attempts which occurred (a) between January 1, 2007 and the present at the Monterey County Jail and (b) between January 1, 2007 and March 24, 2015 (the date of Vela's suicide) at any of the 65 California jails serviced by CFMG. Judge Lloyd granted Plaintiffs' motion to compel production of documents responsive to RFP 73, relating to suicides and suicide attempts at the Monterey County Jail, but he denied Plaintiffs' motion to compel documents responsive to RFPs 74 and 75, relating to suicides and suicide attempts at other jails. *See* Order Re Discovery Dispute Joint Report No. 1, ECF 92. Plaintiffs seek relief from that ruling.

## II. LEGAL STANDARD

A district court may refer nondispositive pretrial matters to a magistrate judge under 28 U.S.C. § 636(b)(1)(A). The district court "may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). On review of a nondispositive order, "the magistrate's factual determinations are reviewed for clear error, and the magistrate's legal conclusions are reviewed to determine whether they are contrary to law." *Perry v. Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). This standard is highly deferential – the district judge may not simply substitute his or her judgment for that of the magistrate judge. *Grimes v. City and Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

## III. DISCUSSION

Plaintiffs assert that Judge Lloyd did not apply the proper legal standards and thus that his order is contrary to law. The Federal Rules of Civil Procedure provide that:

2

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). While Judge Lloyd did not state what legal standard he applied in evaluating Plaintiffs' motion to compel, his order makes clear that he considered the critical issues of relevance and proportionality set forth in Rule 26(b)(1). For example, Judge Lloyd stated that although the requested production might include some relevant information, "[t]he sheer mass of the information sought, all documents of every kind about any hanging suicide or suicide attempt in 65 jails over 8 plus years, causes the court to conclude that what is sought is not proportional to the needs of the case." Order Re Discovery Dispute Joint Report No. 1 at 3, ECF 92. It thus appears that Judge Lloyd did apply the correct legal standard notwithstanding his failure to include in his order an express citation to Rule 26.

Plaintiffs also assert that Judge Lloyd's ruling is clearly erroneous because (a) the documents sought are discoverable and (b) Judge Lloyd's order conflicts with two prior orders which compelled CFMG to produce similar documents on other cases. Based on this record, the Court cannot conclude that Judge Lloyd's ruling is clearly erroneous. Under Rule 26, Judge Lloyd was required to tailor his discovery order to be proportional to the needs of this case. He appears to have done just that, ordering production of documents likely to contain a substantial amount of information relevant to Plaintiffs' claims (documents responsive to RFP 73) but declining to order production of documents that he concluded were less likely to contain relevant information and that would be burdensome to compile (documents responsive to RFPs 74 and 75). Plaintiffs point to Judge Lloyd's speculation that that Plaintiffs' attempt to introduce evidence relating to suicides or suicide attempts at other jails could have the effect of "bogging down" trial. Order Re Discovery Dispute Joint Report No. 1 at 3, ECF 92. Plaintiffs assert correctly that information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Judge Lloyd's comment regarding the potential impact of production on trial therefore was not an adequate basis

3

for denying production. However, the comment does not appear to have been critical to his ruling, which is supported by his weighing of appropriate considerations as discussed above.

Finally, the Court disagrees with Plaintiffs' contention that Judge Lloyd's ruling conflicts with discovery orders in other cases. The two orders referenced by Plaintiffs did not require production of the breadth requested here, as pointed out by CFMG in its opposition brief. In reply, Plaintiffs acknowledge that in another case CFMG was required to produce only a subset of the documents at issue here, and they request that CFMG be ordered to produce, "at the least," the same subset of documents in this case. Reply at 3, ECF 97. Plaintiffs argue that production of a more limited subset of documents, which CFMG already has collected and may have stored electronically, would not be burdensome. While Plaintiffs may well be correct on the latter point, Plaintiffs' RFPs 74 and 75 are not limited in that way. This Court's task is to determine whether Judge Lloyd clearly erred in denying the motion which was presented to him – a motion to compel responses to RFPs 74 and 75. The Court concludes that he did not.

**IV.**

Accordingly, Plaintiffs' motion for relief from a nondispositive pretrial order issued by Judge Lloyd is DENIED.

Dated: December 11, 2017

_____
BETH LABSON FREEMAN
United States District Judge