1  David Sheuerman, SB No. 78132
   Marc G. Cowden, SB No. 169391
2  Adam M. Stoddard, SB No. 272691
   SHEUERMAN, MARTINI, TABARI, ZENERE & GARVIN
3  A Professional Corporation
   1033 Willow Street
4  San Jose, California 95125
   Telephone (408) 288-9700
5  Facsimile (408) 295-9900
   Emails: dsheuerman@smtlaw.com
6  mcowden@smtlaw.com

7  Attorneys for Defendants
   CALIFORNIA FORENSIC MEDICAL
8  GROUP; TAYLOR FITHIAN, M.D. and
   ELIUD GARCIA, M.D. (erroneously sued herein as
9  ELUID GARCIA, M.D.)

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                    San Jose Division

13

14  ESTATE OF SANDRA VELA, deceased, by and     Case No. 16-CV-02375 BLF
    through ANNAMARIE MORENO;
15  ANNAMARIE MORENO; and BERNADETTE            **STIPULATION AND ~~[PROPOSED]~~
    ALVERADO,                                   ORDER REQUIRING
16                                              CALIFORNIA FORENSIC
                    Plaintiff,                  MEDICAL GROUP TO PRODUCE
17                                              MEDICAL AND MENTAL
          vs.                                   HEALTH RECORDS IN RESPONSE
18                                              TO PLAINTIFF'S REQUEST FOR
    COUNTY OF MONTEREY; SHERIFF STEVE           PRODUCTION OF DOCUMENTS,
19  BERNAL, in his individual and official      SET ONE**
    capacities; COMMANDER JAMES BASS, in his
20  individual and official capacities; SERGEANT   Judge:   Hon. Beth Labson Freeman
    ERIKA KAYE, in her individual capacity;
21  SERGEANT CAROL WHITE, in her individual
    capacity; DEPUTY BARBARA FULKERSON,
22  in her individual capacity; DEPUTY N.
    QUINTERO, in her individual capacity;
23  FORMER SHERIFF SCOTT MILLER, in his
    individual capacity; CALIFORNIA FORENSIC
24  MEDICAL GROUP, TAYLOR FITHIAN, MD;
    ELUID GARCIA, MD,
25
                    Defendants.
26

27
         ESTATE OF SANDRA VELA, deceased, by and through ANNAMARIE MORENO;
28
                                        1

1 ANNAMARIE MORENO; and BERNADETTE ALVERADO ("Plaintiffs"), and CALIORNIA

2 FORENSIC MEDICAL GROUP, TAYLOR FITHIAN, M.D., and ELIUD GARCIA, M.D., and

3 COUNTY OF MONTEREY, on behalf of Monterey County Sheriff's Office ("County")

4 (collectively "Defendants"), by and through their respective counsel, hereby stipulate as follows.

5     1.     This case was filed against Defendants on May 2, 2016. (Dkt No. 1.)

6     2.     Plaintiffs have propounded on defendant CALIFORNIA FORNESIC MEDICAL

7 GROUP a Request for Production of Documents, Set One, which includes a request for medical

8 and mental health records, Quality Assurance reviews, communications, and non-privileged

9 investigation reports generated by, and in the possession of, CALIFORNIA FORENSIC

10 MEDICAL GROUP regarding inmates who committed suicide and/or attempted suicide at the

11 Monterey County Jail during the period from January 1, 2010 to present.

12     3.     Additionally, the Court ordered the production of "All documents reflecting

13 communications by, to, from, or received by you relating to individuals who committed and/or

14 attempted suicide at Monterey County Jail from January 1, 2007 to present." ECF 92. The

15 documents were to be produced within 15 days following the October 18, 2017 Order. All

16 documents have been redacted and produced in compliance with the Court's Order [ECF 92],

17 and the parties' agreement to produce documents responsive to plaintiffs' Request for Production

18 of Documents, Set One.

19     4.     The Health Insurance Portability and Accountability Act of 1996, and its

20 implementing regulations at 45 C.F.R. Parts 160 and 164 ("HIPAA"), prohibit covered entities

21 from disclosing "protected health information," except under certain limited circumstances. 45

22 C.F.R. §164.502. CALIFORNIA FORENSIC MEDICAL GROUP provides health care to

23 inmates at the Monterey County Jail and is a covered entity. Protected health information is

24 defined as "individually identifiable health information" that is recorded in any form or medium

25 that "[r]elates to the past, present or future physical or mental health or condition of the

26 individual; the provision of health care to an individual; or the past, present, or future payment

27 for the provision of health care to an individual." 45 C.F.R. §160.103. Thus, the medical and

28

2

mental health records, Quality Assurance reviews, communications, and non-privileged investigation reports generated by, and in the possession of, CALFORNIA FORENSIC MEDICAL GROUP regarding inmates at the Monterey County Jail who committed suicide and/or attempted suicide during the period from January 1, 2010 to present are considered "protected health information" under HIPAA.

5. Under HIPAA, disclosure is permitted, pursuant to a court order, subpoena, or discovery request when the health care provider "receives satisfactory assurance from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order." 45 C.F.R. §164.512(e)(1)(ii)(B). The protective order must prohibit "using or disclosing the protected health information for any purpose other than the litigation," and "require the return to the [physician] or destruction of the protected health information – at the end of the litigation or proceeding." 45 C.F.R. §164.512(e)(1)(v)(B).

6. Similarly, California's Confidentiality of Medical Information Act ("CMIA"), governs "medical information" (i.e., any individually identifiable information in possession of a provider of health care regarding a patient's medical history, mental or physical condition, or treatment). The medical and mental health records, Quality Assurance reviews, communications, and non-privileged investigation reports generated by, and in the possession of, CALFORNIA FORENSIC MEDICAL GROUP regarding inmates at the Monterey County Jail who committed suicide and/or attempted suicide during the period from January 1, 2010 to present are "medical information" under CMIA.

7. CMIA requires a provider to disclose medical information in response to an authorization by the subject of the information, a subpoena, or a court order. Cal. Civ. Code §56.10(b)(1).

8. The confidentiality provisions of the California Lanterman-Petris-Short Act ("LPS") at California Welfare and Institutions Code Sections 5328 – 5328.9 govern "[a]ll information and records obtained in the course of providing services" to LPS patients, including but not limited to the mental health records of patients who are treated or evaluated under

3

1    Sections 5150 – 5344 of the LPS and LPS patients who receive mental health treatment at a

2    county psychiatric ward, facility, or hospital.  Thus, the mental health records of inmates at the

3    Monterey County Jail in the possession of California Forensic Medical Group are subject to the

4    confidentiality provisions of LPS.

5         9.      LPS prohibits the disclosure of LPS inmates' mental health information unless

6    expressly permitted under Sections 5328 to 5329.  Section 5328(f) requires records to be

7    disclosed if so ordered by the courts "to the courts, as necessary for the administration of

8    justice."

9         10.     Federal law at 42 U.S.C. Section 290-dd2(g) and its implementing regulations at

10   42 C.F.R. Part 2 (Part 2), Confidentiality of Substance Use Disorder Patient Records, govern

11   records from a covered treatment program that identify a patient as having or having had a

12   substance use disorder either directly, by reference to publicly available information, or through

13   verification of such identification by another person.  42 C.F.R. §2.12(a).  The substance use

14   disorder records of inmates at the Monterey County Jail may be governed by Part 2.

15        11.     Part 2 prohibits the redisclosure of records received by persons or entities, such as

16   CALIFORNIA FORENSIC MEDICAL GROUP, from a covered program with the patient's

17   consent unless the written consent expressly permits such redisclosure, or it is otherwise

18   permitted by Part 2.  42 C.F.R. §2.13.  Part 2 permits the redisclosure of certain records governed

19   by Part 2 with an authorizing court order.  42 C.F.R §§2.63 – 2.64.

20        12.     The right of privacy is not an absolute bar to discovery.  Rather, courts balance

21   the need for the information against the claimed privacy right. *Ragge v. MCA/Universal Studios*

22   (CD CA 1995) 165 FRD 601, 604 (right of privacy may be invaded for litigation purposes.)  The

23   privacy interest in one's confidential medical records in conditional and a limited impairment of

24   the right may be allowed if properly justified. *Soto v. City of Concord*, 162 F.R.D. 603, 618

25   (N.D. Cal. 1995).  Additionally, the physician-patient privilege is not recognized by federal

26   common law, federal statute, or the U.S. Constitution. *Soto, Id.*  Where application of state law

27   would be clearly inconsistent with federal law, state law privileges do not apply. *Pagano v.*

28

4

1     *Oroville Hospi.*, 145 F.R.D. 683, 688 (E.D. Cal. 1993). Similarly, with respect to the CMIA,

2     federal privilege laws, not state laws, apply. *Delaney v. Tilton*, 2008 U.S. Dist. LEXIS 111668,

3     *9.

4          13.     Here, the heirs of individual inmates who committed suicide and/or the inmates

5     who attempted suicide at the Monterey County Jail during the period from January 1, 2010 to

6     present, may not rely on the physician-patient privilege and medical records privilege, nor may

7     they rely on the right of privacy, since the right is only available explicitly under the California

8     Constitution and may be abrogated where justified under federal law. *Soto, Id.* Furthermore, the

9     parties have stipulated to a protective order which protects the third parties' medical records.

10     This protective order is nearly identical to the June 19, 2017 Order of this Court for production

11     of third party records containing protected health information. (ECF 77). The protective order

12     satisfies the requirements of HIPAA because it (1) prohibits the parties from using or disclosing

13     the protected health information for any purpose other than the litigation or proceeding for which

14     such information was requested [Paragraph 20]; and (2) requires the return of the protected

15     material at the conclusion of the litigation [Paragraph 21]. 45 C.F.R. §164.512(e)(1)(v). Thus,

16     the protective order is adequate under HIPAA to protect third party medical records. A similar

17     protective order was found to be sufficient in *Allen v. Woodford*, U.S. Dist. LEXIS 11026 (E.D.

18     Cal. 2007). In *Allen*, the court found that a protective order and proper redaction safeguarded

19     third parties' privacy interests.

20          14.     Plaintiffs contend that records pertaining to inmates who committed suicide

21     and/or attempted suicide at the Monterey County Jail during the period from January 1, 2010 to

22     present are potentially relevant to their case.

23          15.     Accordingly, plaintiffs and defendants agree that a court order compelling the

24     disclosure of protected health information regarding inmates who committed suicide and/or

25     attempted suicide at the Monterey County Jail during the period from January 1, 2010 to present,

26     including medical and mental health records, Quality Assurance reviews, communications, and

27     non-privileged investigation reports generated by, and in the possession of, CALFORNIA

28

1   FORENSIC MEDICAL GROUP is the most effective mechanism to ensure discovery of this

2   potentially relevant information.

3       16.    The protected health information produced pursuant to this Stipulation and

4   Protective Order regarding inmates who committed suicide and/or attempted suicide at the

5   Monterey County Jail during the period from January 1, 2010 to present, including medical and

6   mental health records, Quality Assurance reviews, communications, and non-privileged

7   investigation reports generated by, and in the possession of, CALFORNIA FORENSIC

8   MEDICAL GROUP shall be considered "confidential information". Access to this "confidential

9   information" will be restricted to the Court, its officers, court personnel and stenographic parties

10  engaged in proceedings in this matter, plaintiff and defense experts, and plaintiff and defense

11  counsel (defined herein to include: attorneys in this action and their support staff, including

12  paralegals, legal interns, and legal assistants), and other testifying or consulting experts, where

13  production is required by the Federal Rules of Civil Procedure, or where production is ordered

14  by the Court. Any attorney, the attorney's support staff or expert to whom disclosure is made

15  will be furnished with a copy of this Stipulation and Protective Order.

16      17.    The designation of a document or portion thereof as "confidential

17  information" shall be made, whenever possible prior to production, by placing or affixing

18  on each page of such material in a manner that will not interfere with its legibility the

19  words "confidential information." If such designation is not possible prior to the

20  production, the designation must be made in writing by the producing party, and

21  replacement documents bearing the "confidential information" designation shall be

22  provided as soon as practicable. In the event that documents subject to confidentiality, or

23  portions thereof, are inadvertently produced without being designated "confidential

24  information", they shall be treated as "confidential information" as of the date of

25  designation.

26      18.    Counsel for any party retains the right to challenge the designation of a

27  particular document or portion thereof as "confidential information." The burden of

28

6

proof with respect to the propriety or correctness of the designation of any document or portion thereof as "confidential information" will rest on the designating party. If any party believes any designation of a document or portion thereof as "confidential information" is inappropriate, the Parties will meet and confer and attempt to resolve the issue on an expedited basis. If the Parties are unable to mutually agree on a resolution, the Parties will seek appropriate Court intervention, including a request for a discovery conference or call with the Judge, and where appropriate, submit the documents to the Judge under seal to determine whether and to what extent such documents or portions thereof should be deemed "confidential information" in accordance with Paragraphs 1 and 3 of this Protective Order. Specifically, the Judge shall determine whether the party seeking to designate "confidential information" has satisfied the requirements for filing the document or portion thereof sought to be designated under seal in accordance with Federal Rule of Civil Procedure 26(c), Local Rule 79-5, and controlling federal case law. Where requested or permitted by the Court, the Parties may provide the Court with separate statements containing the challenges by the party opposing the "confidential information" designation and the justifications by the party designating the documents or portions thereof as "confidential information."

19. Either party may challenge the designation of a deposition transcript, or a portion thereof, as "confidential information", under the procedure set forth in paragraph 15, above.

20. The parties agree that "confidential information" subject to this Stipulation and Protective Order shall be used solely for the purpose of this litigation, and in no other litigation, except as unsealed by the Court or filed in the public record in this action.

21. Within thirty (30) days after the conclusion of the litigation in this action, all "confidential information" covered by this Stipulation and Protective Order not received in evidence shall be returned to the producing party, unless the parties agree that the material may be destroyed instead of being returned, in which instance counsel shall certify that the documents

7

1 have been destroyed. The parties agree to request that the Clerk of the Court return to the

2 producing party, or destroy, any sealed material covered by this Stipulation and Protective Order

3 used as evidence at the end of the litigation, including appeals. This confidentiality agreement

4 shall survive the discontinuance or other resolution of the action.

5      22.     Nothing in this Stipulation and Protective Order precludes plaintiffs or defendants

6 from seeking or obtaining, on an appropriate showing, additional protection with respect to the

7 confidentiality of documents or portions thereof, or relief from the Stipulation and Protective

8 Order.

9      23.     Each person designated in paragraph 13, by receiving and reading a copy of this

10 Stipulation and Protective Order, agrees to abide by its provisions and to see that its provisions

11 are known and adhered to by those under his or her supervision or control, and to submit to the

12 jurisdiction of the Court in the event the Protective Order is breached.

13      24.     Whenever a deposition or court proceeding involves the disclosure of

14 "confidential information" covered by this Stipulation and Protective Order, the following

15 procedures will apply:

16      a.     The court reporter will be directed to bind those portions of the transcript

17 containing "confidential information" separately. This request will be made on the record

18 whenever possible.

19      b.     The cover of any portion of a deposition or court proceeding transcript that

20 contains testimony or documentary evidence containing "confidential information" covered by

21 this Stipulation and Protective Order, will be prominently marked:

22 **CONFIDENTIAL/SUBJECT TO STIPULATION AND PROTECTIVE ORDER**.

23      c.     All portions of deposition or court proceeding transcripts containing

24 "confidential information" covered by this Stipulation and Protective Order will be sealed and

25 will not be disseminated except to the persons designated in paragraph 13.

26

27

28

8

**IT IS SO STIPULATED.**

DATED: December 27, 2017     SHEUERMAN, MARTINI, TABARI,
ZENERE & GARVIN

By: */s/Marc G. Cowden*
    Marc G. Cowden

Attorneys for Defendants CALIFORNIA FORENSIC
MEDICAL GROUP, INC., TAYLOR FITHIAN, M.D.
and ELUID GARCIA, M.D,

DATED: December 27, 2017     Respectfully submitted,

HADSELL, STORMER & RENICK, LLP

By: */s/Lori Rifkin*
    Lori Rifkin

Attorneys for Plaintiffs

DATED: December 27, 2017     OFFICE OF THE COUNTY COUNSEL
COUNTY OF MONTEREY

By: */s/Michael R. Philippi*
    Michael R. Philippi
    Deputy County Counsel

Attorneys for Defendants COUNTY OF MONTEREY,
SHERIFF STEVE BERNAL, CAPTAIN JAMES
BASS, SERGEANT ERIKA KAYE, SERGEANT
CAROL WHITE, DEPUTY N. QUINTERO and
SCOTT MILLER

9

Pursuant to Northern District General Order 45(X)(B), I hereby attest that I have on file approvals for any signatures indicated by a "conformed" signature (/s/) within this efiled document.

DATED: December 27, 2017          SHEUERMAN, MARTINI, TABARI,
                                  ZENERE & GARVIN


                        By: */s/March G. Cowden*
                            Marc G. Cowden

                        Attorneys for Defendants CALIFORNIA FORENSIC
                        MEDICAL GROUP, INC., TAYLOR FITHIAN, M.D.
                        and ELUID GARCIA, M.D,

10

# [PROPOSED] ORDER

The Court, having reviewed the above Stipulation, and good cause appearing, enters these Findings and Order as an Order of the Court.

## THE COURT FINDS THE FOLLOWING WITH REGARDS TO CERTAIN MEDICAL, MENTAL HEALTH, AND SUBSTANCE USE DISORDER RECORDS:

1.      Disclosure of the information contained in medical and mental health records, Quality Assurance reviews, communications, and non-privileged investigation reports generated by, and in the possession of, CALFORNIA FORENSIC MEDICAL GROUP regarding inmates who committed suicide and/or attempted at the Monterey County Jail during the period from January 1, 2010 to present may be relevant to plaintiffs' claims;

2.      The public interest will be served by disclosure of said information and the need for disclosure outweighs the potential injury to the patient, the physician-patient and/or the psychotherapist-patient relationship, and the treatment services; and

3.      Disclosure of the information contained in said records can be effectively limited to the Court, plaintiffs' counsel, and defendants' counsel;

## GOOD CAUSE APPEARING, IT IS ORDERED THAT:

4.      For inmates at the Monterey County Jail identified in response to plaintiffs' Request for Production of Documents, Set One, to defendant CALFORNIA FORENSIC MEDICAL GROUP served on December 22, 2016, defendant CALFORNIA FORENSIC MEDICAL GROUP shall disclose all relevant "protected health information" governed by HIPAA, "medical information" governed by CMIA, mental health records governed by LPS, and substance use disorder records governed by 42 C.F.R. Part 2. Relevant documents are limited to those documents subject to HIPAA, CMIA, LPS, and/or 42 C.F.R. Part 2 specifically medical and mental health records, Quality Assurance reviews, communications, and non-privileged investigation reports generated by, and in the possession of, CALFORNIA FORENSIC MEDICAL GROUP regarding inmates at the Monterey County Jail who committed suicide

11

and/or attempted suicide during the period from January 1, 2010 to present. The information disclosed shall be used only for the limited purpose of prosecuting or defending this litigation.

5. Any documents disclosed pursuant to this Order shall be considered "confidential information." Any person obtaining copies of documents disclosed pursuant to this Order shall maintain their confidentiality in accordance with state and federal law and this Order, and shall make no further disclosure except as required by law or by order of this Court.

6. The Clerk of the Court shall seal from public access such "confidential information," including any documents that may become part of this Court's records. For pleadings or reports that contain "confidential information," the filing party shall file under seal consistent with Civil Local Rule 79-5. Per Civil Local Rule 79-5(d)(2), courtesy copies of Pleadings containing "confidential information" shall be filed in a sealed envelope prominently marked with the caption of this case, the identity of the party filing the envelope, and the notation: **"COURTESY [or CHAMBERS] COPY - - DOCUMENTS SUBMITTED UNDER SEAL."**

7. These confidentiality requirements for "confidential information" shall survive the termination of this litigation.

**IT IS SO ORDERED.**

DATED: _____, _____

_____
Beth Labson Freeman
United States District Judge

Case No. 16-CV-02375 BLF
Stipulation and [Proposed] Order Requiring CFMG to Produce Medical and Mental Health Records