UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ESTATE OF SANDRA VELA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY, et al.,<br><br>Defendants. | Case No. 5:16-cv-02375-BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 3**<br><br>Re: Dkt. No. 110 |

In Discovery Dispute Joint Report #3 ("DDJR #3"),[1] which the parties have mistakenly captioned as DDJR #2, the California Forensic Medical Group defendants ("defendants") seek an order requiring the plaintiffs to submit supplemental responses to contention interrogatories as well as to the requests for production of documents that accompanied and tracked the interrogatories. The plaintiffs have agreed to comply, but say they need until February 2 because they are awaiting receipt of the transcript of their deposition of one of the defendant doctors, whose testimony, presumably, will be featured in their supplemental responses. Defendants want the responses now, "now" being January 18, 2018, the date they filed DDJR#3, a date now passed.

The discovery in question was served on October 25, 2017. Written responses were served

---

[1] This actually is the fourth DDJR filed by the parties, including one that eventually was resolved by stipulation.

on November 28, 2017, but they were not satisfactory to defendants, who began pushing for more. The pushing was justified, because answers to contention interrogatories that do little more than refer to "the allegations contained in plaintiffs' First Amended Complaint" or "all documents produced in this case" are next to worthless.

Finally, plaintiffs agreed to supplement, but said they could not do so until they had taken the deposition of one of the defendant doctors, Taylor Fithian. The two sides exchange accusations about who was to blame for why that deposition could not be scheduled sooner than January 16-17. (Discovery was to close on January 18th.) The deposition took place, but plaintiffs say they need until February 2 to get the transcript and use it to prepare supplemental answers. (Plaintiffs apparently are unaware that they could/should have offered responsive answers long ago based on what information they had at the time and then supplemented them after Fithian's deposition.)

Defendants do not make a convincing argument that they will be prejudiced by waiting until February 2 to receive the supplemental responses. Perhaps they are concerned about the possible impact of close of discovery on January 18th? They need not be too concerned. If the supplemental responses are not sufficient, or if they disclose information that should have been disclosed long ago, and notwithstanding the deadline for filing discovery disputes with the court, Civ. L.R. 37-3, the court will permit defendants to institute a discovery dispute in accord with the court's Standing Order on Discovery Disputes, no later than February 9. (This extension is limited to these particular requests at issue and is not an extension of the time period for bringing discovery disputes generally.) The case management schedule stands as it is.

Plaintiffs shall appropriately supplement their interrogatory answers and produce any responsive documents by February 2.

SO ORDERED.

Dated: January 29, 2018

_____
HOWARD R. LLOYD
United States Magistrate Judge

2