UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ESTATE OF SANDRA VELA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF MONTEREY, et al.,<br><br>Defendants. | Case No. 5:16-cv-02375-BLF (HRL)<br><br>**ORDER RE DISCOVERY DISPUTE JOINT REPORT NO. 4**<br><br>Re: Dkt. No. 111 |

Discovery Dispute Joint Report #4 ("DDJR #4"),[1] erroneously captioned as DDJR #1, arises out of a dispute between counsel that arose just prior to the commencement of the deposition of defendant Barbara Fulkerson ("Fulkerson"). Plaintiffs' counsel, as well as all counsel of record for the defendants (including Fulkerson's), were convened and ready to proceed with the deposition when an attorney named Grant Winter ("Winter") called in, stated he was Fulkerson's privately retained counsel (although he had not appeared in the action), and said he was going to participate in the deposition by telephone.[2]

---

[1] This actually is the fifth DDJR filed by the parties, including one that eventually was resolved by stipulation.

[2] Fulkerson appears to be a key witness; her actions and inactions at the jail on the night of the suicide of plaintiffs' decedent are important to the case.

All the lawyers present, except Fulkerson's counsel of record, considered Winter to be an unwelcome interloper and wanted him to go away. After some back and forth discussion, Winter agreed he would not make objections or comments on the record but simply "monitor" the deposition. That promise did not satisfy plaintiffs' attorney, who also wanted Winter to promise not to talk to Fulkerson during breaks and that, if he did, the attorney-client privilege would not apply. Winter refused to agree, and the deposition was aborted until the court could weigh in. The court now has DDJR #4.

Plaintiffs seek a protective order barring Winter from making objections or comments on the record (he had already agreed to that) or communicating with Fulkerson during breaks, or claiming attorney-client privilege as to any communications with her ( seemingly intended to include any past and future communications, not limited to just conversation during breaks in the deposition). All defense counsel, except Fulkerson's counsel of record, join in the request.[3]

Why the need for the protective order? The parties in favor of an order, which include all the County defendants other than Fulkerson, worry that Winter will mess things up. Plaintiffs say their "understanding" is that Winter's law firm represents the Monterey County Deputy Sheriffs' Association ("Association") and that Winter's refusal to acknowledge that his firm represents the Association "is suggestive of undisclosed interests in influencing testimony…." Basically, they are worried that Winters will "taint" Fulkerson's testimony in order to advance someone else's agenda.

Winter's law firm, Mastagni Holstedt, APC ("Mastagni"), gave its input into DDJR #4 under the heading "Deputy Barbara Fulkerson's Position." Since Winters had already agreed not to make objections or comments on the record, Mastagni only took exception to the request that Winters be barred from talking with Fulkerson during breaks in the deposition (perhaps not realizing that the requested protective order, if fully adopted by the court, could open up all

---

[3] The other defendants are the County of Monterey, the County Sheriff, and several members of the Sheriff's Department (all represented by County Counsel's Office) and the California Forensic Medical Group and two of its doctors (providers of medical services at the jail). Fulkerson is the only County defendant with separate counsel, counsel selected and retained by the County to defend her in this case.

communications between that firm and Fulkerson). Mastagni represented to the court it had been retained as Fulkerson's private counsel to monitor the litigation. The court believes that such an arrangement is not unusual where the defendant's counsel of record has been selected and is being compensated by her former employer, the County, and that fact signals that her interests and those of the County, while largely the same, do not necessarily align one hundred percent.

None of the authorities cited in DDJR #4 are on point or particularly illuminating, so the court will exercise its discretion and best judgment in deciding the protective order request.

The basic question, which the proponents of a protective order raise but then seem to concede, is whether there exists an attorney-client relationship between Fulkerson and the Mastagni firm. Mastagni tells the court that she's their client, that there exists "an attorney-client relationship," that they have been "retained on Ms. Fulkerson's behalf as her own private counsel to monitor the litigation." It would have been nice to hear it from Fulkerson herself, but no one even suggests that she in any way evidenced disagreement with the statements of Winters and the Mastagni firm that they are privately retained attorneys to advise her concerning issues in this litigation. Plus, it is hard to believe Mastagni would be so irresponsible and foolhardy as to submit a written representation of their attorney-client relationship to the court if it were untrue. Her counsel of record states in DDJR #4 that he has no objection to the Mastagni firm appearing at the deposition, making objections, or speaking with her during breaks. In short, the court is satisfied that an attorney-client relationship exists between Fulkerson and Winter/Mastagni. Whether or not the Mastagni firm also represents the Association is not important to resolving the current dispute. The firm owes its loyalty to Ms. Fulkerson and to her interests, and speculation about hidden motives and secret agendas is just that: speculation.[4]

The court denies the requested protective order. Winter may appear either by telephone or in person at the deposition of Fulkerson as a silent observer. During breaks in the deposition (remember: no breaks while a question is pending or before a line of questioning is completed), Fulkerson may speak with either or both of her attorneys. Fulkerson's deposition is to be taken

---

[4] If Winters and the Mastagni firm are going to take an active role in the litigation, they should formally appear. No one has suggested that is necessary for Fulkerson's deposition.

3

forthwith.

SO ORDERED.

Dated:   January 29, 2018

_____
HOWARD R. LLOYD
United States Magistrate Judge

United States District Court
Northern District of California