# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ESTATE OF SANDRA VELA, et al., | Case No. 16-cv-02375-BLF |
| Plaintiffs, | |
| v. | **ORDER DENYING DEFENDANTS' MOTION TO JOIN RUBEN VELA AND LOUIE CABRAL, JR. AS NOMINAL DEFENDANTS** |
| COUNTY OF MONTEREY, et al., | |
| Defendants. | [Re: ECF 95] |

Plaintiffs Annamarie Moreno and Bernadette Alverado bring this action following the suicide of their mother, Sandra Vela, while she was detained at the Monterey County Jail. Ms. Moreno sues individually and as the personal representative of the Estate of Sandra Vela, while Ms. Alverado sues individually.

Defendants move to join Ms. Vela's estranged husband and her son as nominal defendants. The motion is DENIED for the reasons discussed below.

## I. BACKGROUND

Plaintiffs' allegations have been discussed at length in prior orders and need not be repeated in full here. In brief, Plaintiffs allege the following facts: Sandra Vela was booked into the Monterey County Jail following her arrest on a 15-year-old warrant for forgery and embezzlement. First Amended Complaint ("FAC") ¶ 27, ECF 54. Ms. Vela informed jail staff that she needed medical treatment for a brain tumor, related chronic pain, and diabetes. *Id.* ¶ 29. Jail staff did not provide Ms. Vela with the medical care she required despite her repeated requests for care. *Id.* ¶¶ 32-33. Within a week of her detention, Ms. Vela became delusional, sometimes yelling that the Sheriff had killed her husband and stolen her cell phone and other times crying and saying she needed to see her dead husband. *Id.* ¶ 36. Ms. Vela was found hanged from a bedsheet in her cell on March 24, 2015, approximately two weeks after entering the jail. *Id.* ¶¶ 40, 45.

At the time of her death, Ms. Vela was married to Ruben Vela, although she had been separated from him for approximately five years. Moreno Dep. 17:6-18, ECF 95-2; Moreno Dep. 30:23-31:7, ECF 101-1. Ms. Vela lived in Santa Paula, California and Mr. Vela lived in Oxnard, California. Moreno Dep. 28:2-4, 28:10-29:1, 31:4-7, ECF 101-1. Ms. Vela had two daughters, Plaintiffs Annamarie Moreno and Bernadette Alvarado, and a son named Louie Cabral. Moreno Dep. 24:12-24, ECF 95-2. Mr. Cabral lives in Mexico. Moreno Dep. 25:2-3, ECF 101-1.

Plaintiffs filed this action on May 2, 2016. Compl., ECF 1. The operative FAC asserts the following claims: (1) a § 1983[1] claim for deliberate indifference to serious medical and mental health needs in violation of the Fourteenth Amendment ; (2) a § 1983 claim for failure to protect from harm in violation of the Fourteenth Amendment; (3) a § 1983 claim for deprivation of substantive due process in violation of the First and Fourteenth Amendments, causing loss of parent/child relationship; (4) a state law claim for failure to furnish/summon medical care; (5) a state law claim for negligent supervision, training, hiring, and retention; (6) a state law claim for wrongful death under California Code of Civil Procedure § 377.60; and (7) a state law claim for negligence. FAC, ECF 54. The claims are brought against the County of Monterey and several of its officials and employees (collectively, "County Defendants"); California Forensic Medical Group ("CFMG"), the private corporation hired by Monterey County to provide medical, mental health, and dental services at the jail; and Dr. Taylor Fithian, the president of CFMG and the psychiatrist at the jail.[2]

The CFMG Defendants filed the present motion, seeking to join Mr. Vela and Mr. Cabral as nominal defendants under Federal Rule of Civil Procedure 19. Motion, ECF 95. The County Defendants have filed a joinder in the motion. Joinder, ECF 99. Following completion of briefing, including Plaintiffs' filing of a sur-reply with leave of the Court, the motion was submitted for disposition without oral argument. *See* Order Submitting Motion Without Oral Argument, ECF 118.

---

[1] 42 U.S.C. § 1983.

[2] Dr. Eluid, CFMG's on-site medical director at the jail, has been dismissed as a defendant in this action. *See* Stipulation of Voluntary Dismissal of Eluid Garcia, M.D., ECF 119.

## II.    LEGAL STANDARD

The motion is governed by Federal Rule of Civil Procedure 19, which provides in relevant part as follows:

**(a) Persons Required to Be Joined if Feasible.**

**(1) Required Party.** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

## III.    DISCUSSION

### A.    Wrongful Death Claim (Claim 6)

Defendants' motion focuses exclusively on the wrongful death claim brought under California Code of Civil Procedure 377.60. That section provides in relevant part as follows:

A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons *or* by the decedent's personal representative on their behalf:

(a) The decedent's surviving spouse, domestic partner, children, and issue of deceased children, or, if there is no surviving issue of the decedent, the persons, including the surviving spouse or domestic partner, who would be entitled to the property of the decedent by intestate succession.

Cal. Civ. P. Code § 377.60 (emphasis added). Defendants argue that because Mr. Vela (the decedent's husband) and Mr. Cabral (the decedent's son) are heirs under § 377.60, they must be joined pursuant to California case law holding that "[t]he wrongful death statute has been interpreted to authorize only a single action, in which all the decedent's heirs must join." *Romero v. Pac. Gas & Elec. Co.*, 156 Cal. App. 4th 211, 216 (2007).

Defendants are correct that California law authorizes only a single action for wrongful

death under § 377.60. However, "*[e]ither the decedent's personal representative on behalf of the heirs *or* the specified heirs (either as plaintiffs or joined defendants) may assert the wrongful death claim – but not both.*" *Adams v. Sup. Ct.*, 196 Cal. App. 4th 71, 77 (2011) (emphasis added). The caption of the wrongful death claim does not specify whether it is brought by Ms. Moreno in her capacity as the estate's personal representative, or by Ms. Moreno and Ms. Alvarado individually as heirs. *See* FAC 12:16-18, ECF 54. However, in the body of the wrongful death claim it is alleged that "Plaintiff Estate of Sandra Vela is entitled to recover punitive damages." FAC ¶ 122, ECF 54. Accordingly, the Court understands the wrongful death claim to be brought by Ms. Moreno in her capacity as the estate's personal representative, and not by Ms. Moreno and Ms. Alvarado individually. Plaintiffs' opposition confirms that the wrongful death claim in fact is brought by Ms. Moreno in her representative capacity. *See* Pls.' Opp. at 3, ECF 101. Consequently, none of Ms. Vela's heirs may be joined in the action individually.

Defendants express concern that Ms. Moreno "is not bringing this action on behalf of 'all the heirs.'" Reply at 5, ECF 102. However, when the personal representative of the estate brings a wrongful death claim, he or she acts as a trustee for all the heirs. *Adams*, 196 Cal. App. 4th at 77. "A personal representative of the estate does not technically represent any or all of the heirs in the proceedings, but the personal representative does act as the heirs' fiduciary." *Monschke v. Timber Ridge Assisted Living*, LLC, 244 Cal. App. 4th 583, 588 (2016). Thus while neither Mr. Vela nor Mr. Cabral may be joined in the wrongful death claim, any recovery obtained by Ms. Moreno acting in her representative capacity is subject the interests which may be asserted by the heirs to Ms. Vela's estate.

Accordingly, Defendants' motion to join Mr. Vela and Mr. Cabral based on their asserted interest in the wrongful death claim (Claim 6) is DENIED.

**B.** **Other Claims (Claims 1, 2, 3, 4, 5, and 7)**

Defendants do not present any arguments supporting joinder of Mr. Vela and Mr. Cabral apart from those grounded in § 377.60. The party bringing a Rule 19 motion has the burden of persuasion. *See Brum v. Cnty. of Merced*, No. 1:12-cv-01636-AWI-KSO, 2013 WL 2404844, at *4 (E.D. Cal. May 31, 2013) (collecting cases). Defendants' motion therefore is subject to denial

without further analysis. However, in an abundance of caution and in recognition that the rights of third parties are at issue, the Court addresses whether Mr. Vela and Mr. Cabral may be required parties with respect to the other claims asserted in the FAC.

As noted above, joinder of a person may be required under Rule 19(a)(1)(A) if "in that person's absence, the court cannot accord complete relief among existing parties." Nothing in this record suggests that the Court could not accord complete relief as between the named Plaintiffs and Defendants absent joinder of Mr. Vela and Mr. Cabral. *See Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983) (framing Rule 19(a)(1)(A) inquiry as whether the "Government's absence would preclude the district court from being able to fashion meaningful relief as between the parties" already in the case).

Alternatively, joinder of a person may be required under Rule 19(a)(1)(B) if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may" impede the person's ability to protect the interest or subject an existing party to a substantial risk of incurring multiple obligations. The impetus of Defendants' motion appears to be their concern that Mr. Vela and Mr. Cabral have an interest in the subject matter of this litigation and that failure to join them could subject Defendants to multiple recoveries if Mr. Vela and Mr. Cabral were to file a later action. *See* Motion at 5, ECF 95-1 ("Failure to bring this motion and join Mr. Vela and Mr. Cabral, potentially subjects defendants to subsequent actions by the omitted heirs."); Reply at 2, ECF 102 ("CFMG has established a substantial risk of incurring double obligations under Rule 19(a)(1)(B)(ii)."). Joinder under Rule 19(a)(1)(B) is "contingent, however, upon an initial requirement that the absent party claim a legally protected interest relating to the subject matter of the action." *Northrop*, 705 F.2d at 1043.

Nothing in the record shows that Mr. Cabral has come forward to claim any interest in this litigation, let alone a legally protectable interest. Accordingly, Mr. Cabral is not a required party under Rule 19. *See Zacharias v. U.S. Bank, N.A.*, No. 14-02186 SC, 2014 WL 4100705, at *8 (N.D. Cal. Aug. 20, 2014) (finding that absent person was not a required party under Rule 19 where he had not come forward to claim an interest in the litigation).

With respect to Mr. Vela, Defendants point to County counsel's declaration statement that

5

"Mr. Vela indicated that he was unaware of this lawsuit; that he intends to retain counsel and wishes to participate in this lawsuit." Philippi Decl. ¶ 3, ECF 100. However, any claims that Mr. Vela could assert in this action appear to be time-barred. Ms. Vela died on March 24, 2015, and Mr. Vela was aware of that fact because he paid for the memorial service. Moreno Dep. 17:6-13, ECF 95-2. The statute of limitations for the § 1983 claims (Claims 1, 2, and 3) is two years. *See Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007) ("It is well-established that claims brought under § 1983 borrow the forum state's statute of limitations for personal injury claims, and in California, that limitations period is two years.") (internal citations omitted). The statute of limitations for submitting a written notice of tort claim (Claims 4, 5, and 7) is six months. *See Bilbo v. Cty. of Alameda, California*, No. 17-CV-00032-JST, 2017 WL 4024649, at *10 (N.D. Cal. Sept. 13, 2017) ("The California Tort Claims Act ('TCA') requires a party seeking to recover money damages from a public entity or its employees to submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues."). Because these limitations periods have elapsed, it does not appear that Mr. Vela has any legally protectable interest in the subject matter of this litigation. Other courts have permitted lawsuits to proceed without requiring joinder under Rule 19 where an absent heir's claims would be time-barred. *See, e.g., Chipman v. Nelson*, No. 2:11-cv-2770-TLN-EFB PS, 2015 WL 5330143, at *12-13 (E.D. Cal. Sept. 11, 2015) ("[C]ourts have also found that where an absent heir's claim would be barred by the statute of limitations, the absent heir is not indispensable.") (collecting cases).

Defendants suggest that Plaintiffs had an obligation to notify Mr. Vela and Mr. Cabral about this lawsuit. Defendants have not cited, and the Court has not discovered, any authority for that proposition.

Because the Court perceives no basis for finding Mr. Vela and Mr. Cabral to be required parties under Rule 19 with respect to any of the claims asserted in this litigation, Defendant's motion to join them is DENIED.[3]

---

[3] The Court declines Plaintiffs' invitation to impose sanctions on Defendants for bringing this motion. *See* Pls.' Opp. at 2 n.2, ECF 101.

## IV. ORDER

Defendants' motion to join Ruben Vela and Louie Cabral, Jr. as nominal defendants is DENIED.

Dated: March 27, 2018

BETH LABSON FREEMAN
United States District Judge